IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MICHAEL DUCHELLE GREEN,** ) | | |
| Plaintiff, ) | Civil Case No. 7:21-cv-00341 | |
| ) | | |
| v. ) | | |
| ) | By: Michael F. Urbanski | |
| **MR. ANDREW TOWERY,** ) | Chief United States District Judge | |
| Defendant. ) | | |

_____

| | | |
|---|---|---|
| **MICHAEL DUCHELLE GREEN,** ) | | |
| Plaintiff, ) | Civil Case No. 7:21-cv-00342 | |
| ) | | |
| v. ) | | |
| ) | By: Michael F. Urbanski | |
| **MR. IAN BEUCKELAERE,** ) | Chief United States District Judge | |
| Defendant. ) | | |

**MEMORANDUM OPINION**

Michael Duchelle Green, an inmate at the Lynchburg Adult Detention Center, has filed a number of separate complaints in recent weeks, including the two cases listed above, which are actions brought pursuant to 42 U.S.C. § 1983. Both complaints contain the same basic allegations, although brought against a different defendant in each.

In the first, the entirety of Green's factual allegations state: "I tried to file a criminal complaint and Mr. Andrew denied me." No. 7:21-cv-00341, ECF No. 1. Similarly, in the second complaint, Green simply alleges: "I tried to file a criminal complaint and Mr. Ian Beuckelaere denied me." Green provides no additional detail in either complaint. Regardless, the claims that he has asserted must be dismissed, pursuant to 28 U.S.C. 28 U.S.C. § 1915A(b)(1), both for failure to state a claim and because they are frivolous.

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint

in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring court, in a case where a plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pleadings of self-represented litigants should be given liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although Green's complaints are completely lacking in detail, it is obvious that the underlying claim in each fails as a matter of law. Most importantly, Green has no constitutional right to insist upon an investigation or criminal prosecution. *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution.") (citation omitted). In fact, a citizen does not have any judicially cognizable interest in the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (applying *Linda R.S.* and collecting cases). Thus, even if the two defendants Green names in these complaints denied him the ability to "file a criminal complaint," Green's constitutional rights were not infringed. Thus, he has failed to state a claim pursuant to § 1983.

## **CONCLUSION**

For the foregoing reasons, the court will dismiss both of these cases. An appropriate order will be entered.

It is so **ORDERED**.

Entered: June 3, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.06.03 17:36:12
-04'00'

Michael F. Urbanski
Chief United States District Judge